| | |
|---|---|
| District Court, Lake County, State of Colorado<br>505 Harrison Ave., PO Box 55<br>Leadville, CO  80461-0055<br>Phone:  719.486.0535 | **EFILED Document**<br>**CO Lake County District Court 5th JD**<br>**Filing Date: Oct 16 2006 11:59AM MDT**<br>**Filing ID: 12638187**<br>**Review Clerk: Margaret LaCome** |
| **Plaintiff:**  RONALD F. STRICH<br><br>v.<br><br>**Defendant:** BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY, COLORADO | |
| | ▲COURT USE ONLY▲ |
| Michael F. Feeley, Atty. Reg. No. 12266<br>Jessica R. Allen, Atty. Reg. No. 37378<br>Isaacson Rosenbaum P.C.<br>633 17th Street, Suite 2200<br>Denver, Colorado 80202<br>Phone No.:        303.292.5656<br>Fax No.:           303.292.3152<br>E-mail:  mfeeley@ir-law.com; jallen@ir-law.com | Case Number:  06 CV _____<br><br>Division/Courtroom:  _____ |
| **COMPLAINT**<br>**TO QUIET TITLE IN REAL PROPERTY IN ACCORDANCE WITH C.R.C.P. 105**<br>**AND FOR INJUNCTIVE RELIEF IN ACCORDANCE WITH C.R.C.P. 65** | |

The Plaintiff, Ronald F. Strich, by and through his counsel, Isaacson Rosenbaum P.C., for his Complaint to Quiet Title to Real Property in Accordance with C.R.C.P. 105 and for Injunctive Relief in Accordance with C.R.C.P. 65, states as follows:

### SUBJECT PROPERTY

1. The Real Property for which a Decree quieting title is requested is particularly described on Exhibit A attached to this Complaint.  For the purposes of this Complaint, the Subject Property will be referred to as the "Loomis Ranch."

### PARTIES

2. The Plaintiff, Ronald F. Strich ("Plaintiff"), is the fee title owner of the Loomis Ranch having acquired title by virtue of a Warranty Deed dated October 8, 2002 and recorded in the land records of the County of Lake, State of Colorado on October 10, 2006 at Reception

Number 331311. A copy of that Warranty Deed is attached to this Complaint and identified as Exhibit B.

3. The Defendant, Board of County Commissioners of Lake County, Colorado, ("Defendant") is the executive authority of the County of Lake, State of Colorado, exercising the constitutional and statutory authority within Lake County in accordance with Article XIV of the Colorado Constitution.

## JURISDICTION AND VENUE

4. Jurisdiction of this matter is properly with the District Court because this matter concerns real property located in the State of Colorado.

5. Venue of this matter is properly with this Court in accordance with to Rule 98(a) of the Colorado Rules of Civil Procedure because the Loomis Ranch is located in the County of Lake, Colorado.

## GENERAL ALLEGATIONS

6. Access to and from the Loomis Ranch is accomplished by means of a Right-of-Way Grant ("ROW") issued by the United State Department of the Interior Bureau of Land Management on June 2, 1982 and referred to as Serial Number C-33154, a copy of which is attached to this Complaint and identified as Exhibit C.

7. The ROW is particularly described on the right-of-way map, consisting of one (1) page, filed with the Bureau of Land Management ("BLM") on July 16, 1981, and designated by the holder as "Plat of 16 Foot Access Road to Loomis Ranch, located in the NW1/4 of the SW1/4 of Section 7, Township 10 South, Range 80 West of the 6th Principal Meridian."

8. Generally, the ROW follows the path of an ancient road beginning at County Highway 11 and in a westerly direction traversing BLM land. After traversing the BLM land, the ancient road briefly crosses private property and United States Forest Service ("USFS") property, then enters the Loomis Ranch for several hundred yards. After leaving the Loomis Ranch, the ancient road traverses USFS land, reenters the Loomis Ranch for several hundred yards and then again traverses USFS land before terminating at the Mount Massive Wilderness Area. A schematic drawing of the ROW and ancient road is attached to this Complaint and identified as Exhibit D.

9. The Plaintiff is the current Assignee and Holder of the ROW by virtue of a Decision of the United State Department of the Interior Bureau of Land Management dated November 26, 2003, a copy of which is attached to this Complaint and identified as Exhibit E.

10. In accordance with the ROW, Exhibit C, the Plaintiff annually pays the fair market value of the ROW as determined by the Bureau of Land Management.

11. The Plaintiff worked diligently with the USFS over the past several years to determine the boundary of the road since the road provided access to Forest Service Property. The USFS has agreed that the road crosses the Loomis Ranch property and has agreed it has no easement to cross the property. The USFS has abandoned access to their property using this road.

12. In various conversations, contacts and discussions with the Defendant, their officers, agents and employees, the Defendant has asserted that the ROW is some type of "Public Road" open to anyone and everyone who cares to enter the Plaintiff's property.

13. Despite many requests, the Defendant has failed to provide any legal justification for its assertion that the ROW and the ancient road is a "Public Road" encumbering the Loomis Ranch, the Plaintiff's private real property.

14. The Plaintiff has made substantial effort to secure his real property. The Plaintiff has placed four gates across the right of way at his property line. Two of the gates, that comprise the 3rd and 4th ingress/egress points to the property as traveling from CR 11, were installed more than five years ago. The other two gates, at make up the 1st and 2nd ingress/egress points, were installed in 2006. Locks were placed on all gates in September, 2006. Upon examination as late as Friday October 13, 2006 the gates were destroyed permitting free access onto the Plaintiff's private property, the Loomis Ranch.

15. Previously, the Plaintiff was advised by the Lake County Road and Bridge Director that if there was a complaint about the gates, it was the intention of the Defendant to order him to disable or destroy the gates to permit access to the Plaintiff's private property, the Loomis Ranch.

16. Representatives of the Defendant have advised the Plaintiff that they assume that all roads in Lake County are "Public Roads" unless, "You prove it otherwise."

17. Upon information and belief, upon examination of the records of the County of Lake, the ROW and ancient road have never been taken or defined as a "Public Road" by any action whatsoever, whether by purchase, through dedication, reservation, condemnation or by way of any statutory procedure.

18. The Defendant has never maintained or improved the ROW. The Defendant has never provided any services in connection with the ROW and the ancient road.

19. Any use of the ROW and the ancient road by the public has been sporadic and irregular; has never been under claim or color of right; and has never been without objection by the landowner.

20. Use of the ROW and ancient road across the Loomis Ranch has been with permission and in fact prudent, thoughtful and courteous hunters have always asked for

permission to enter the Loomis Ranch.  Permission has been generally and freely given to those who have asked for permission.

### FIRST CLAIM FOR RELIEF – QUIET TITLE

21. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 20 above as if set forth in full.

22. The Plaintiff is the fee simple owner of the Loomis Ranch, free and clear of any interest claimed or asserted by the Defendant.

WHEREFORE, on its First Claim for Relief, the Plaintiff requests that this Court, in accordance with C.R.C.P. 105, enter its decree quieting title and completely adjudicating the rights of the parties hereto and with respect to the Loomis Ranch and determining:

a. That the Plaintiff is the fee simple owner of the Loomis Ranch, free and clear of any interest claimed or asserted by the Defendant;

b. That the Court determine any other party's interest in the Loomis Ranch; and

d. That the Court enter any additional relief it deem just and proper.

### SECOND CLAIM FOR RELIEF – PERMANENT INJUNCTION

23. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 22 above as if set forth in full.

24. Actions of the Defendant have, as a government authority, been inconsistent with the property rights of the Plaintiff in connection with his ownership of the Loomis Ranch.

25. The Defendant's position that all roads in Lake County are "Public Roads" unless, "You prove it otherwise" is contrary to and an infringement upon the property rights of the Plaintiff in connection with his ownership of the Loomis Ranch.

26. Upon information and belief, the Defendant or agents of the Defendant have destroyed property of the Plaintiff, specifically the gates erected to secure the Plaintiff's private property.

WHEREFORE, on its Second Claim for Relief, the Plaintiff requests that this Court, in accordance with C.R.C.P. 65 enter its Order:

a. That the Defendants are permanently restrained and enjoined from taking any action of any nature whatsoever inconsistent with the property rights of the Plaintiff in connection with his ownership of the Loomis Ranch; and

b. That the Court enter any additional relief it deem just and proper.

Respectfully submitted this 16th day of October, 2006.

**ISAACSON ROSENBAUM P.C.**

By: <u>s/ Michael F. Feeley</u>
Michael F. Feeley, Atty. Reg. No. 12266
**ATTORNEYS FOR PLAINTIFF**

<u>Plaintiff's Address</u>:
Ronald F. Strich
2815 CR 11
PO Box 827
Leadville, CO  80461-0827

*Pursuant to C.R.C.P. 121, § 1-26(9), a printed copy of this document with original signatures shall be maintained by the filing party and made available for inspection by other parties or the court upon request.*