IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-01924-PAB-KLM

RONALD F. STRICH,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY, COLORADO, and
ALL UNKNOWN PERSONS WHO CLAIM ANY INTEREST IN THE
SUBJECT MATTER OF THIS ACTION,

    Defendants.

## ORDER REMANDING CASE TO STATE COURT

This matter is before the Court on plaintiff's Notice of Removal [Docket No. 1]. In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a federal court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). A review of plaintiff's notice makes clear that there is no proper basis for removal of this action. For the reasons discussed below, this case must be remanded to state court.

Plaintiff purports to remove this case on the basis of alleged federal questions presented in his own state court complaint and in counterclaims alleged against him. Neither of these bases allows plaintiff to invoke 28 U.S.C. § 1441. Contrary to plaintiff's

argument in his notice of removal, the rule is clear that only state court *defendants*, and not plaintiffs, may remove an action to federal court.  *See* 28 U.S.C. § 1441(a) (civil actions brought in state court over which a federal district court has original jurisdiction "may be removed by *the defendant or the defendants*") (emphasis added); *id.* § 1446(a) (describing procedure by which "*[a] defendant or defendants*" may remove a state court action) (emphasis added); *Chicago, R.I. & P.R. Co. v. Strude*, 346 U.S. 294 (1954); *see also* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3731 (3d ed. 1998) ("Section 1446(a) of Title 28 authorizes removal only by the state court defendants"); *Untracht v. Fikri*, 454 F. Supp. 2d 289, 328 (W.D. Pa. 2006) ("Removal by the plaintiff is not permitted because the plaintiff had the original choice of forum.") (listing cases).  Regardless of whether plaintiff's claims actually raise questions of federal law, plaintiff is bound by his own choice of forum.

Moreover, even if plaintiff is correct in asserting that certain counterclaims alleged against him raise federal issues, such counterclaims do not create a right of removal for plaintiff.  "Under the longstanding well-pleaded complaint rule . . ., a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'"  *Vaden v. Discover Bank*, 129 S.Ct. 1262, 1272 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).  Thus, "a counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for arising under jurisdiction."  *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).  Therefore, counterclaims do not provide a basis for removal to federal

court.  *Id.*; *Vaden*, 129 S.Ct. at 1272 ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim.").

In short, plaintiff's notice of removal constitutes an improper attempt to remove plaintiff's state court action to federal court, and the case must be remanded. Accordingly, it is

**ORDERED** that this case is REMANDED to the District Court, Lake County, Colorado, where it was originally filed as Case No. 06CV53, Division D.

DATED August 25, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge